UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA GUARRACINO,

                 Plaintiff,

-against-

KIMBERLY-CLARK CORPORATION,

                 Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/14/2025

24-cv-3074 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Debra Guarracino ("Guarracino" or "Plaintiff") initiated this action on April 22, 2024, asserting claims breach of implied warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, breach of contract and failure to warn against Kimberly-Clark Corporation ("Kimberly-Clark" or "Defendant").

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

The following facts are derived from the Complaint and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.

Defendant is a manufacturer of depend adult undergarments ("the undergarments"). (Compl. ¶ 3.) Plaintiff bought a pair of the undergarments. (*Id*. ¶ 3.) Plaintiff used the undergarment on May 31, 2021. (*Id*. ¶ 5.) Due to a defect in the undergarment, Plaintiff was caused to slip and fall. (*Id*. ¶ 6.) Plaintiff states that Defendant "negligently caused" Plaintiff's injury by putting into the market place a defective device. (*Id*. ¶ 7.) Plaintiff asserts that Defendants were "negligent in

1

failing to properly manufacture" the undergarments. (*Id*. ¶ 8.) Plaintiff has suffered "serious, permanent personal injuries and incurred expenses for medical treatment." (*Id*. ¶ 9.)

Based on the foregoing, Plaintiff brings claims of breach of implied warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, breach of contract and failure to warn.

## PROCEDURAL HISTORY

On April 22, 2024, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 1.) The Defendants filed their motion to dismiss and memorandum of law in support on September 30, 2024 ("Mot."). (ECF Nos. 13 and 15.) Plaintiff filed her opposition on November 13, 2024 ("Opp."). (ECF No. 26.) Defendant filed their reply in further support of their motion to dismiss ("Reply"). (ECF No. 17.)

## LEGAL STANDARD

### A. Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it

2

as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff brings claims of breach of implied warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, breach of contract and failure to warn.

### A. 12(b)(6) Threshold Analysis

The Court is required to read the Complaint "generously." *In re Everfresh Beverages, Inc*., 238 B.R. 558, 571 (Bankr. S.D.N.Y. 1999). However, "even liberal construction has its limits." *Id*. The "pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief could be accorded the pleader." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[1][b] (3d ed.1998). Moreover, "conclusory allegations of the legal status of a defendant's acts or conclusions of law, need not be accepted as true." *In re Everfresh Beverages, Inc*., 238 B.R. 558 at 571.

As currently written, beyond stating that she suffered an injury, Plaintiff offers no factual averments as to the basis of her claims. The overwhelming majority of Plaintiff's complaints just contain legal conclusions asserting that Defendant has committed a myriad of breaches. (*See* Compl. ¶¶ 14-18.) At the outset, the Court can immediately conclude that this is insufficient to survive a motion to dismiss; "a complaint must do more than recite the elements of a cause of

3

action in conclusory statements; it must contain sufficient allegations to 'state a claim to relief that is plausible on its face.'" *Orenstein v. Figel*, 677 F. Supp. 2d 706, 711 (S.D.N.Y. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Plaintiff does not even offer recitations of the relevant elements – she just merely repeats conclusory statements that that the Defendant has breached various warranties, without offering any factual allegations that could support such assertions. (Compl. ¶¶ 14-18.) Therefore, even affording the Complaint a liberal construction in favor of the Plaintiff, the Court must conclude that the Plaintiff has failed to state a plausible claim to relief and dismisses the Complaint in its entirety without prejudice.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss Plaintiff's complaint without prejudice. Plaintiff is granted leave to file an Amended Complaint by July 1, 2025. Plaintiff is advised that the Amended Complaint will replace, not supplement, the Complaint, and so any claims that he wishes to pursue must be included in, or attached to, the Amended Complaint. Should Plaintiff file an Amended Complaint, the Defendant is directed to answer or otherwise respond by July 23, 2025. If Plaintiff fails to file an Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 13.

Dated:   May 14, 2025                                  SO ORDERED:
           White Plains, New York

                                                       NELSON S. ROMÁN
                                                  United States District Judge