USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEBRA GUARRACINO,

Plaintiff,

-against-

KIMBERLY-CLARK CORPORATION,

Defendant.

No. 24-CV-3074 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Debra Guarracino ("Plaintiff") brings this action against Defendant Kimberly-Clark Corporation ("Defendant"). Plaintiff asserted claims for breach of implied warranty of merchantability, breach of implied warranty of fitness, breach of express warranty, breach of contract and failure to warn against Kimberly-Clark Corporation. On May 14, 2025, the Court dismissed Plaintiff's claims without prejudice for failure to state a claim.

Presently before the Court is Defendant's motion to dismiss for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the following reasons, Defendant's motion is GRANTED.

**BACKGROUND**[1]

Plaintiff Debra Guarracino commenced this action against Defendant Kimberly-Clark Corporation in New York Supreme Court, Dutchess County. (ECF No. 1.) On April 22, 2024, Defendant removed the action to this Court. (*Id.*) On September 30, 2024, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) On

[1] The parties' briefs will be referred to herein as follows: Defendant's Memorandum of Law (ECF No. 46, "Dft. Mem."); Plaintiff's Affirmation (ECF No. 47, "Pltf. Aff."); Defendant's Reply (ECF No. 48, "Dft. Reply.").

May 14, 2025, the Court granted Defendant's motion and dismissed the Complaint without prejudice, granting Plaintiff leave to file an Amended Complaint by July 1, 2025. (ECF No. 27.) The Court expressly warned Plaintiff that, should she fail to file an Amended Complaint within the time permitted, the claims dismissed without prejudice would be deemed dismissed with prejudice. (*Id.*)

On June 13, 2025, following correspondence from Plaintiff, the Court relieved Plaintiff's counsel and stayed all deadlines until August 12, 2025, to afford Plaintiff an opportunity to retain new counsel. (ECF No. 31.) The Court further directed Plaintiff or her newly retained counsel to advise the Court by August 12, 2025, whether Plaintiff intended to proceed with any claims in this action. (*Id.*) On August 22, 2025, following Defendant's request for guidance concerning the status of the litigation, the Court reiterated that Plaintiff would be deemed to be proceeding *pro se* if she had not retained new counsel. (ECF No. 33.) Thereafter, on September 9, 2025, the Court construed a letter from Plaintiff as a request for additional time to obtain counsel and extended the deadline to October 23, 2025. (ECF No. 36.) The Court also advised Plaintiff of the availability of the Pro Se Law Clinic and provided contact information for the Clinic. (*Id.*)

On January 23, 2026, Defendant requested a pre-motion conference in anticipation of moving to dismiss the action for failure to prosecute. (ECF No. 37.) On January 27, 2026, the Court directed Plaintiff to indicate by February 16, 2026, whether she opposed Defendant's request. (ECF No. 39.) On February 6, 2026, the Court reminded Plaintiff of her obligation to respond to Defendant's request by February 16, 2026, and warned that failure to do so could result in the Court ruling without further input from Plaintiff. (ECF No. 40.) The Court also noted it was in receipt of several letters submitted by the pro se Plaintiff, dated September 23, 2025; October 8, 2025; and February 2, 2026 that were not germane to the action, and instead discussing personal

and health-related matters, as well as issues concerning Plaintiff's current and/or former attorneys. (*Id.*) On February 19, 2026, Plaintiff submitted a letter opposing Defendant's motion to dismiss (ECF No. 41.)

On February 20, 2026, the Court waived the pre-motion conference requirement, granted Defendant leave to move to dismiss, and established a briefing schedule. (ECF No. 42.) On June 5, 2026, Defendant filed the instant motion to dismiss pursuant to Rule 41(b), along with Plaintiff's opposition and Defendant's reply. (ECF Nos. 44-46; 48.) On the same date, Plaintiff filed her affirmation in opposition to Defendant's motion to dismiss. (ECF No. 47.) To date, Plaintiff has not filed an Amended Complaint.

**DISCUSSION**

"Dismissal for want of prosecution is a matter committed to the discretion of the trial judge." *Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) (internal quotation marks omitted). This discretion, however, "is conditioned by certain minimal requirements." *Id.* (internal quotation marks omitted). In particular, the Court should consider: (1) the duration of plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) whether the district judge has carefully balanced the need to alleviate court calendar congestion and a party's right to due process; and (5) whether the court has assessed the efficacy of lesser sanctions. *Id.* (internal quotation marks omitted).

Here, all five factors weigh in favor of dismissal. First, Plaintiff has failed to file an Amended Complaint in the approximately seventeen months since the Court dismissed her original Complaint with leave to amend. Despite receiving additional time to obtain counsel, Plaintiff has taken no meaningful steps to advance this litigation beyond submitting correspondence to the

Court. Such a prolonged delay weighs in favor of dismissal. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42-43 (2d Cir. 1982) (recognizing that dilatory conduct may warrant dismissal after "merely a matter of months" or "a period of years").

Second, the Court expressly warned Plaintiff that failure to file an Amended Complaint would result in dismissal with prejudice. (ECF No. 27.) The Court subsequently directed Plaintiff to advise whether she intended to proceed with her claims. (ECF No. 31.) Although Plaintiff has expressed her opposition to dismissal, she has never filed an Amended Complaint. *See Jacobs v. County of Westchester*, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008) ("[E]ven pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the court gives warning.").

Third, Defendant is likely to be prejudiced by further delay. Prejudice may be presumed from an unreasonable delay, where the passage of time threatens the availability of evidence and witnesses' recollection. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). Here, the incident underlying Plaintiff's claims occurred in May 2021, yet the action remains at the pleading stage. (ECF No. 1.) Further delay risks impairing Defendant's ability to obtain evidence to defend against Plaintiff's claims.

Fourth, Plaintiff's continued failure to comply with the Court's directives has impeded the progress of this litigation and burdened the Court's docket. See *Powell v. Doe*, 2024 WL 4389283, at *3 (S.D.N.Y. Oct. 3, 2024) ("Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner.") (citing *Sanago v. Ruby Nails Tarrytown*, 2023 WL 145521, at *2 (S.D.N.Y. Jan. 9, 2023)). Moreover, Plaintiff's repeated submission of letters, including correspondence raising matters unrelated to the prosecution of this action, has required the Court to expend judicial resources addressing her

submissions while the litigation itself remains at a standstill. (ECF No. 40.) Although Plaintiff has an interest in having her claims heard, the Court has afforded her numerous opportunities to pursue this action, and that interest does not outweigh the Court's need to manage its docket efficiently.

Lastly, a lesser sanction would be ineffective, given Plaintiff's repeated failure to file an Amended Complaint despite repeated reminders and warnings from the Court. *See Hendricks v. Curley*, 2024 WL 4493397, at *4 (N.D.N.Y. Oct. 15, 2024). Further, the Court has already afforded Plaintiff multiple opportunities to pursue her claims, including extending her deadline to obtain counsel and advising her of the availability of the Pro Se Law Clinic in September 2025. (ECF No. 36.) By Plaintiff's own account, she did not contact the clinic until approximately seven months later, on April 20, 2026. (ECF No. 43.) Moreover, although Plaintiff eventually expressed confusion about what constitutes an amended complaint, she did not raise that question until June 2026, over a year after the Court first directed her to file one in May 2025. (ECF No. 51.) Rather than promptly seeking clarification, Plaintiff allowed a year to pass without taking the steps necessary to comply with the Court's directive.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for want of prosecution is GRANTED and this action is dismissed with prejudice. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 44 and to terminate action.

Dated: October 15, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge